**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) Civ. No. 1:20-cv-02006-JRS-MJD |
| | ) |
| **The Trustees of Indiana University,** *et al.* | ) |
| | ) |
| *Defendants*. | ) |

### DEFENDANTS' STATEMENT OF DEFENSES

Defendants the Trustees of Indiana University, Indiana University ("IU"), Indiana University School of Medicine ("IUSM"), Indiana University Purdue University – Indianapolis ("IUPUI"), Indiana University Kelley School of Business ("IUKSB"), Gregory Kuester, Bradley Allen, and Jay Hess (collectively, "Defendants"), pursuant to the Case Management Plan in this matter, file their statement of defenses to be proven at trial.

Defendants preserve all other arguments based on Plaintiff John Doe's failure to meet his burden to prove all elements of his claims. To the extent any defense listed below is not an affirmative defense, Defendants' identification of such defense herein does not relieve Doe of his burden of proof.

Defendants assert affirmative and other defenses to the following claims alleged against them by Doe in his Amended Complaint (Dkt. 8):

**Plaintiff's First Cause of Action:
Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.
(Against Defendants the Trustees, IU, IUPUI, IUSM, and IUKSB)**

1. To prove a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, Doe must show that Defendants discriminated against him on the basis of sex.

1

2. The key issue on Doe's Title IX claim is whether he can show that gender bias "was a motivating factor" in his specific case. *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019).

3. Doe has provided no evidence of gender bias in this case. The Defendants investigated and adjudicated the sexual misconduct claims against Doe in a fair and deliberate process and although Doe has taken issue with various policies and decisions the University made throughout the process, he has not shown how any of them were motivated by gender bias. Doe points to training materials and outside statements that he alleges show the University's Title IX disciplinary process is biased towards men but has offered no evidence of how any of those materials, which amount to nothing more than the University's efforts to comply with Title IX and treat both complaints and respondents fairly, affected his particular proceedings. And Doe has not even alleged bias in the process that ultimately got him dismissed—Dean Hess's assessment that Doe's dishonesty made him unfit to become a physician. General allegations of gender bias in IU's sexual misconduct process are not enough to show "that the university acted with bias in this particular case." *Id.* at 669 (internal quotation and citation omitted). Doe's Title IX claim will fail on summary judgment or at trial.

### Plaintiff's Second Cause of Action:
### 42 U.S.C. § 1983: Denial of Fourteenth Amendment Procedural Due Process
### (Against the Trustees, IU, IUPUI, Kuester, Allen, and Hess)

4. As an initial matter, Doe's due process claims fail against several individual defendants. For reasons more fully discussed in Defendants' Motion to Dismiss briefing (dkts. 29, 105), Dean Hess, Dean Allen, and Investigator Kuester are immune from Doe's damages claims; Dean Allen and Investigator Kuester cannot provide the injunctive relief Doe seeks; and the Trustees, IU, and IUPUI are immune from suit under the Eleventh Amendment.

Defendants' Motion is pending before this court, and the claims and Defendants should be significantly narrowed before trial.

5. Furthermore, to prove a violation of procedural due process under the Fourteenth Amendment, Doe must prove that Defendants deprived Doe of a "cognizable property or liberty interest," *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003), and "that it failed to provide whatever process of law was due for such a deprivation," *Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 831 (7th Cir. 2012).

6. First, Doe will not be able to prove his due process claim because he does not have a cognizable property or liberty interest. As this Court stated in its order denying preliminary relief, Doe has not provided a strong showing that he has a property interest, rejecting Doe's argument that he has an implied right to the procedures set out in the University's disciplinary process or that Defendants violated Doe's liberty interest by making disclosures that would damage his reputation. (*See* Dkt. 96 at 12-13 [citing *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013); *Doe v. Purdue Univ.*, 928 F.3d 652, 661 (7th Cir. 2019)].) Discovery has only strengthened Defendants' position, and Doe's failure to show a liberty or property interest dooms Doe's due process claim.

7. Second, even if Doe succeeded in showing a liberty or property interest, Doe will not be able to prove that Defendants violated due process because he was afforded more process than is required under the applicable standards. In dismissing Doe from IUSM, the University provided him with notice and made a reasoned academic decision that because of Doe's dishonesty, he could no longer become a doctor. The Court found that the Dean of IUSM had properly exercised his academic judgment in dismissing Doe, and there is

nothing discovered since the Court's preliminary decision that would disturb that finding. (Dkt. 96 at 13-14 [citing *Fenje v. Feld*, 398 F.3d 620, 624 (7th Cir. 2005)].) But, as this Court noted, even if the dismissal is deemed disciplinary, Doe was provided with notice, an opportunity to explain his misrepresentations, and appeal the initial PMRC decision, before Dean Hess's dismissal. (*see* dkt. 102 at 15-16.) Defendants' Motion to Dismiss on this claim is pending before the court (Dkt. 28) and Doe's challenge to the dismissal will fail, either on the Motion, on summary judgment, or at trial.

8. In suspending Doe for dating violence, the University also engaged in a fair and deliberate investigation and adjudicative process that included ample opportunity for Doe to state his case and challenge the evidence against him. Doe alleges non-material departures from the Defendants' policies in his case that did not happen, but even if they did, they would not rise to the level of a due process violation. *See Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993) (departure from university policy, "is not a denial of due process, even if the state law confers a procedural right"). Doe has not shown how his disciplinary proceedings failed to meet due process standards thus far and he will not be able to do so on summary judgment or at trial.

9. For these reasons, Doe's Title IX and Fourteenth Amendment claims against the University and individual defendants will fail, either on Defendant's pending Motion to Dismiss, on summary judgment, or at trial.

Respectfully submitted,

*/s/ Alice M. Morical*
Alice M. Morical (#18418-49)
Wayne C. Turner (#2289-49)
Jan P. Mensz (#33798-49)

4

> HOOVER HULL TURNER LLP
> 111 Monument Circle, Suite 4400
> Indianapolis, IN 46244-0989
> Telephone: (317) 822-4400
> amorical@hooverhullturnerturner.com
> wturner@hooverhullturnerturner.com
> jmensz@hooverhullturner.com
>
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's Electronic Notification system, this 14th day of May, 2021.

> */s/ Alice M. Morical*
> Alice M. Morical