UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-02006-JRS-MJD |
| | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**Order on Defendants' Partial Motion to Dismiss**

On June 16, 2020, Indiana University School of Medicine ("IUSM") expelled Plaintiff John Doe. Doe brings claims against IUSM, the Trustees of Indiana University, Indiana University Kelley School of Business ("IUKSB"), Indiana University ("IU"), Purdue University – Indianapolis ("IUPUI") (collectively, the "University"),[1] and Jay Hess, Bradley Allen, and Gregory Kuester, in their individual and official capacities. Doe alleges a violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, and a deprivation of procedural due process, cognizable under 42 U.S.C. § 1983. Defendants move to dismiss Doe's procedural due process claim, which is asserted in Count II of the Amended Complaint. For the reasons that follow, Defendants' Partial Motion to Dismiss, (ECF No. 28), is granted in part.

---

[1] The Court assumes that IUSM, IUKSB, and IUPUI are suable entities.

## I. Background

In the fall of 2017, Doe matriculated at IUSM. (Am. Compl. ¶ 50, ECF No. 8 at 12.) Doe and Jane Roe, another IUSM medical student, began their year-long romantic relationship in October of 2017. (*Id.* ¶¶ 118–19, ECF No. 8 at 21.) During their relationship, Doe and Roe went through several break-ups and reconciliations. (*Id.* ¶¶ 123, 128, ECF No. 8 at 21, 22.) In July of 2018, an incident transpired that would bring about the end of their relationship and lead to this suit. An argument between Doe and Roe about Roe's daughter ended in Doe colliding with Roe as he rushed to leave the residence. (*Id.* ¶¶ 135–39, ECF No. 8 at 23–24.)

On October 26, 2018, Emily Walvoord, Associate Dean for Student Affairs, and Marti Reeser, Assistant Dean for Health and Professions and Pre-Doctoral Programs, notified Doe that someone had filed a complaint against him. (*Id.* ¶¶ 152–54, ECF No. 8 at 26.) On January 18, 2019, Gregory Kuester, an interim investigator retained by the University, notified Doe that a formal Title IX investigation was underway concerning Doe's possible involvement in several incidents that occurred between November 2017 and July 2018. (*Id.* ¶¶ 162–165, ECF No. 8 at 28.)

On April 26, 2019, the University released the final report of its investigation into the Title IX allegations against Doe. The report charged Doe with two violations of the Code of Student Rights, Responsibilities & Conduct. (*Id.* ¶ 202, ECF No. 8 at 34–35.) On May 20, 2019, Doe appeared, with his attorney, before a three-person administrative hearing panel. (*Id.* ¶ 212, ECF No. 8 at 36–37.) The panel imposed a one-year suspension from IUSM, among other sanctions. (*Id.* ¶ 239, ECF No. 8 at

41.) Doe appealed the panel's findings and sanctions, (*id.* ¶ 240, 250, ECF No. 8 at 42, 44), which appeal was denied on June 7, 2019, (*id.* ¶ 251, ECF No. 8 at 44). Doe was required to serve the one-year suspension.

Because Doe was found to have violated the 2018–2019 Student Sexual Misconduct Policy (the "Policy"), which is considered a violation of IUSM's Professional Conduct Policy, Doe was required to appear before IUSM's Student Promotions Committee ("SPC"). (*Id.* ¶ 253, ECF No. 8 at 44.) Doe met with the SPC, (*id.* ¶ 268, ECF No. 8 at 46–47), which recommended that Doe be dismissed from IUSM, (*id.* ¶ 276, ECF No. 8 at 48.) Doe ultimately sought final review by the Dean of IUSM, Jay Hess. (*Id.* ¶ 291, ECF No. 8 at 50.) Dean Hess reviewed and granted Doe's appeal, overturning Doe's dismissal from IUSM. (*Id.* ¶ 296, ECF No. 8 at 51.) However, Dean Hess placed additional limitations on Doe before he could re-enroll at IUSM, including that Doe take one additional year of administrative leave—on top of the already-imposed one-year suspension—before returning to IUSM. (*Id.* ¶ 297, ECF No. 8 at 51.)

Dean Hess's decision to grant Doe's appeal was solidified in a March 27, 2020 letter. (*Id.* ¶ 301, ECF No. 8 at 51–52.) The letter advised that Doe would still be required to complete all sanctions resulting from the Title IX investigation. (*Id.*) The letter also described the additional conditions imposed on Doe, notably the one-year administrative leave, and stated that "any subsequent violation of academic or personal codes of conduct would potentially impact or jeopardize Doe's return in Spring 2021." (*Id.*) Finally, the letter stated that Allen, Senior Associate Dean for

3

Medical Student Education, would be the "sole individual responsible for determining" whether Doe met the outlined requirements and that Doe would be required to meet with Dean Allen to apply for reinstatement to IUSM. (*Id.* ¶¶ 302–03, ECF No. 8 at 52.)

While suspended, Doe applied for admission to IUKSB, seeking an MBA. (*Id.* ¶ 313, ECF No. 8 at 53.) During the application process, in response to the behavior disclosure question, Doe disclosed previous misconduct. (*Id.* ¶ 314, ECF No. 8 at 53–54.) The disclosure of his previous misconduct triggered a review of Doe's application by the Prior Misconduct Review Committee ("PMRC"). (*Id.* ¶ 316, ECF No. 8 at 54.) The PMRC notified Doe that it discovered discrepancies between his application statements and its findings and asked him to provide an explanation, which he did. (*Id.* ¶¶ 325–27, ECF No. 8 at 55.) Doe notified Dean Hess about the discrepancies. (*Id.* ¶ 317, ECF No. 8 at 54.)

On May 29, 2020, the PMRC met to review Doe's application statements and the explanation he provided about the discrepancies and then denied his application to IUKSB. (*Id.* ¶ 330, ECF No. 8 at 56.) On June 16, 2020, Dean Hess informed Doe by letter that he was dismissed from IUSM because his "statements in support of his IUKSB application did not accurately represent Dean Hess's decision concerning Doe's appeal." (*Id.* ¶¶ 345–46, ECF No. 8 at 58.) This suit followed.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not accept the truth of mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. "[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019) (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'" (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992))).

### III.   Discussion

Both sides mention the possibility of the Court converting Defendants' Partial Motion to Dismiss to a motion for summary judgment, *see* Fed. R. Civ. P. 12(d). (*See* ECF No. 103 at 2 n.2; ECF No. 105 at 2.) A district court has discretion regarding

whether to convert a motion to dismiss to a motion for summary judgment. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009).

Here, the Court has decided not to convert the motion to dismiss and will analyze the complaint under Rule (12)(b)(6). The motion to dismiss was briefed in December 2020; since then, discovery has closed and the parties have fully briefed a motion for summary judgment, (ECF No. 122). Defendants' summary judgment motion seeks a judgment in their favor on all issues, all claims, and as to all parties. Such a judgment would be final and resolve the entire action. Therefore, little would be gained by converting the present, partial motion to dismiss to a motion for summary judgment, and the Court proceeds under the standards that govern a Rule 12(b)(6) motion to dismiss.

In moving for partial dismissal, Defendants argue that (1) Doe seeks improper relief against every Defendant, and (2) Doe's due process claim challenging his dismissal is barred because he is not entitled to any process for the academic decision of dismissal. In response, Doe argues he has sufficiently alleged that Defendants deprived him of his protected liberty and property interests. Defendants did not address this issue in seeking dismissal, and for purposes of this motion to dismiss, the Court will assume that Doe sufficiently alleged a deprivation of his protected liberty or property interest. The Court decides the motion on limited grounds and defers consideration of some issues for the summary judgment ruling.

The State of Indiana is not a "person" who can be sued for damages under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The

University is an arm of the state and is treated the same as the state for purposes of § 1983. *See* Ind. Code § 21-20-2-1 ("Indiana University is recognized as the university of the state."); *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) ("The University is an arm of the state, and states are not among the 'persons' covered by the statute.").

Moreover, "[t]he Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *de Lima Silva v. Dep't of Corrs.*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)). "This immunity extends to state agencies and state officials in their official capacities." *Id.*; *see also Joseph*, 432 F.3d at 748. The immunity protects the Board of Trustees, IU, IUPUI, IUSM, and IUKSB. *See Haynes v. Ind. Univ.*, 902 F.3d 727, 731 (7th Cir. 2018) ("[IU] and its Board of Trustees are state agencies for sovereign-immunity purposes") (citing *Pierick v. Ind. Univ.-Purdue Univ. Indianapolis Ath. Dep't*, 510 F.3d 681, 695 (7th Cir. 2007)); *Shannon v. Bepko*, 684 F. Supp. 1465, 1470 (S.D. Ind. 1988) ("[T]he court finds that Indiana University and IUPUI are instrumentalities of the state of Indiana and that they, therefore, share in its sovereign immunity."); *Bell v. Hess*, No. 1:16-cv-02464, 2018 WL 1241991, at *5 (S.D. Ind. Mar. 9, 2018) (suggesting that IUSM is a part of Indiana University). There is no indication that the Trustees, IU, IUPUI, IUSM, or IUKSB consented to this suit. *See Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1042 (7th Cir. 2016). To the contrary, they expressly stated that they have "in no way consented to suit." (ECF

No. 29 at 18.) And Congress has not expressly abrogated the immunity of the states in § 1983 suits. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). (Not so with respect to Title IX claims. *See Cherry v. Univ. of Wis. Sys. Bd. of Regents,* 265 F.3d 541, 554–55 (7th Cir. 2001)). Therefore, Count II is **dismissed with prejudice** as against the Trustees, IU, IUSM, and IUPUI. *See Mutter v. Rodriguez*, 700 F. App'x 528, 531 (7th Cir. 2017) (dismissal on sovereign-immunity grounds is on the merits with prejudice). (Count II is not asserted against IUKSB. (Am. Compl., ECF No. 8 at 72 ("Against the Trustees, IU, IUSM, IUPUI, Kuester, Allen, and Hess").)

Doe's procedural due process claims for damages against Kuester, Allen, and Hess in their official capacities must be dismissed as well. An official capacity claim against a University employee is in essence a claim against the University, which, as explained, is barred. *See Kentucky v. Graham*, 473 U.S. 159, 165–67, 167 n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). Therefore, Count II, to the extent it seeks damages against Hess, Allen, and Kuester in their official capacities is **dismissed with prejudice**.

Doe has waived any challenge to Defendants' argument that the official capacity claim for prospective injunctive relief against Kuester is barred because Kuester cannot provide the relief requested. (*See* Defs.' Br., ECF No. 29 at 21 (arguing Kuester could not provide the relief Doe seeks); Pl's Resp., ECF No. 103 at 22–24 (arguing claims for prospective relief against Hess and Allen in their official capacities are proper but omitting any challenge to Defendants' argument that Kuester could not provide the injunctive relief requested).) Thus, the claim for

8

prospective injunctive relief against Kuester in his official capacity is **dismissed with prejudice**.

## Conclusion

Defendants' Partial Motion to Dismiss, (ECF No. 28), is **granted in part**. Doe's due process claims in Count II are **dismissed with prejudice** as against the Trustees, IU, IUPUI, and IUSM; the due process claims for damages against Hess, Allen, and Kuester in their official capacities are **dismissed with prejudice**; and the due process claim for prospective injunctive relief against Kuester in his official capacity is **dismissed with prejudice**.

The due process claims for prospective injunctive relief against Hess and Allen in their official capacities survive and will be considered in the decision on summary judgment. The due process claims for damages against Hess, Allen, and Kuester in their individual capacities are also deferred to the summary judgment ruling.

**SO ORDERED.**

Date: 8/23/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record