IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) Civ. No. 1:20-cv-02006-JRS-MJD |
| | ) |
| **The Trustees of Indiana University,** *et al.* | ) |
| | ) |
| *Defendants.* | ) |

**JOINT MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE AND TRIAL DATES**

Defendants the Trustees of Indiana University, Indiana University ("IU"), Indiana University School of Medicine ("IUSM"), Indiana University Purdue University – Indianapolis ("IUPUI"), Indiana University Kelley School of Business ("IUKSB"), Gregory Kuester, Bradley Allen, and Jay Hess (collectively, "Defendants"), and Plaintiff John Doe, each by their respective counsel, pursuant to Southern District of Indiana Local Rule 16-3, respectfully move to continue the December 16, 2021 final pretrial conference and the January 3, 2022 trial date to a date that would allow this Court to rule on Defendants' pending motion for summary judgment (Dkt. 122). In support of this Motion, the parties state as follows:

1. On February 5, 2021, the Court scheduled a final pretrial conference in this matter for December 16, 2021 and a jury trial for January 3, 2022. (Dkt. 110.)

1

   The Court indicated in its case management plan that the trial is anticipated to take 5 days. (Dkt. 47 at 6.)

2. Defendants have since filed a motion for summary judgment and the parties completed briefing on August 13, 2021. (Dkt. 135.)

3. Pursuant to Southern District Local Rule 16-3, the Court may continue proceedings in a civil case on its own or on the motion of one or more parties.

4. Because the Motion for Summary Judgment is pending, the Parties believe there is good cause to continue the final pretrial conference and trial date.

5. Should the Court grant Defendants' motion for summary judgment, such a decision may resolve all of Plaintiff's claims and negate the need for a jury trial.

6. Indiana University, as a public institution, would prefer to not spend taxpayer funds on preparation for a trial that may not occur.

7. The parties have also identified 13 University employees and 2 former employees who will need to block off a week in their schedule in anticipation of being called as witnesses at trial. Though the witnesses fully intend to make themselves available for trial, blocking off a week for a trial that might not occur, is a significant burden.

8. Plaintiff would similarly like to avoid the expense of preparing for a trial that may not occur.

9. Should the Court not grant Defendants summary judgment, the Court's summary judgment decision would significantly help focus the parties on factual disputes and the legal standard that will be applied at trial. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("At the summary-judgment stage, the court can properly narrow the individual factual issues for trial by identifying the material disputes of fact that continue to exist.")

10. Good cause, therefore, exists for continuing the final pretrial conference and trial date.

11. The parties suggest that the Court set new dates that would permit the Court sufficient time to rule on Defendants' pending motion for summary judgment.

WHEREFORE, the parties respectfully move the Court to continue the final pretrial conference set for December 19, 2021 and the January 3, 2022 trial date, and set new dates that would permit the Court to rule on Defendants' pending motion for summary judgment.

Respectfully submitted,

/s/ Alice M. Morical
Alice M. Morical (#18418-49)
Wayne C. Turner (#2289-49)
Jan P. Mensz (#33798-49)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
Indianapolis, IN 46244-0989
Telephone: (317) 822-4400

amorical@hooverhullturnerturner.com

3

        wturner@hooverhullturnerturner.com
        jmensz@hooverhullturner.com

        *Attorneys for Defendants*

        *Pursuant to L.R. 5-7(e)(1), counsel for Plaintiff has consented to this filing*
        NESENOFF & MILTENBERG, LLP
        By: */s/ Andrew T. Miltenberg*
        Andrew T. Miltenberg, Esq. (*pro hac vice*)
        Stuart Bernstein, Esq. (*pro hac vice*)
        Philip A. Byler, Esq. (*pro hac vice*)
        Tara J. Davis, Esq. (*pro hac vice*)
        Regina M. Federico, Esq. (*pro hac vice*)
        363 Seventh Avenue, Fifth Floor
        New York, New York 10001
        (212) 736-4500
        amiltenberg@nmllplaw.com
        sbernstein@nmllplaw.com
        pbyler@nmllplaw.com
        tdavis@nmllplaw.com
        rfederico@nmllplaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's Electronic Notification system, this 20th day of October, 2021.

                */s/ Alice M. Morical*
                Alice M. Morical