UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02006-JRS-MJD |
| | ) |
| THE TRUSTEES OF INDIANA | ) |
| UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**Order on Bill of Costs**

### I.   Introduction

Final judgment issued in this action on March 31, 2022. (ECF No. 155.) Defendants (collectively, "IU") prevailed. An appeal is pending before the Seventh Circuit.

IU filed a properly supported Bill of Costs, (ECF No. 160), requesting that the Court tax costs of $20,568.56 to John Doe. Doe responds with a Declaration, (ECF No. 166), contesting various of the costs and further requesting that the Court stay ruling on costs pending appeal.

### II.   Discussion

   A. Costs

Costs are presumably allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1); *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022). The Court's discretion to deny costs is limited: it "must award costs unless it states good reasons for denying

them." *Id.* The list of qualifying costs includes transcript fees and photocopy fees. 28 U.S.C. § 1920.

Here, Doe contests (1) the October 5, 2020, transcript invoice for $931.50; (2) the expedite charges on deposition transcripts between November 4 and November 9, 2020; (3) the expedite charge on the September 1, 2021, deposition transcript invoice; and (4) the photocopying charges. (Decl. 3–4, ECF No. 166.) IU responds with context. (Defs.' Reply 4–8, ECF No. 168.)

The Court is persuaded that the bill of costs is satisfactory without adjustment. The October 5, 2020, invoice was for a transcript of Doe's Title IX hearing. That cost is reasonable and necessary: both parties used the transcript; it was cited by the Court. The November 4–9 expedite charges were reasonable and necessary because of the accelerated discovery schedule imposed by the Court's Scheduling Order of October 14, 2020. (ECF No. 48.) Accelerated discovery was instigated by Plaintiff's desire for an expeditious ruling on his Motion for Preliminary Injunction. (ECF No. 37.) The September 1, 2021 expedite charge is justified by the scheduling difficulties with deposing Plaintiff's damages expert. Finally, the photocopy charges of $971.60 (at $0.10 a page) are reasonable given the length and complexity of this case.

### B. Stay

Doe requests a stay on payment of costs while his appeal is pending. The law in this area is aptly summarized by a sister district:

> The district court may stay a bill of costs pending appeal. *See Cooper v. Eagle River Mem'l Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 854 (N.D. Ill. 2015). However, "costs are appealable separately from the merits; a district

> court may award costs even while the substantive appeal is pending." *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *see also Barton v. Zimmer, Inc.*, No. 1:06-CV-208, 2010 WL 2541707, at *1 (N.D. Ind. June 16, 2010). "If the Court rules on the costs issue when the appeal is pending, 'the ruling may then be appealed and consolidated with the appeal on the merits.'" *Callpod, Inc. v. GN Netcome, Inc.*, No. 6 C 4961, 2010 WL 4411954, at *2 (N.D. Ill. Nov. 1, 2010) (quoting *Aebishcher v. Stryker Corp.*, No. 05-CV-2121, 2007 WL 1668065, at *2 (C.D. Ill. June 8, 2007)).  To that point, "an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals." *Dishman v. Cleary*, 279 F.R.D. 460, 465 (N.D. Ill. 2012) (internal quotation marks omitted); *see also Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980).

*McAllister v. Innovation Ventures LLC*, No. 3:17-CV-867 JD, 2020 WL 8834762, at *2 (N.D. Ind. June 18, 2020).  Doe gives no argument in support of his request for a stay. (Decl. 4, ECF No. 166.)  It is his burden to demonstrate that a stay is warranted. *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).  The Court sees no reason for a stay here.  The substantive appeal is still pending; this Order on costs can be appealed separately and consolidated, should Doe wish.

### III. Conclusion

IU's Bill of Costs, (ECF No. 160), shall be awarded without adjustment.

The Clerk is **directed** to tax costs to John Doe in the amount of $20,568.56 and include the costs in the judgment.

**SO ORDERED.**

Date: 11/14/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.