IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Cause No. 1:20-cv-02006-JRS-MJD |
| ) | |
| The Trustees of Indiana University, ) | |
| Indiana University School of Medicine, ) | |
| Indiana University Purdue University- ) | |
| Indianapolis, Indiana University Kelley ) | |
| School of Business, Gregory Kuester, in his ) | |
| official and individual capacity, Bradley ) | |
| Allen, in his official and individual capacity, ) | |
| and Jay Hess, in his official and individual ) | |
| capacity. ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING PLAINTIFF TO COMPLY WITH THE SEVENTH CIRCUIT'S MAY 20, 2024 MANDATE**

On April 26, 2024, the Seventh Circuit Court of Appeals spoke clearly and emphatically when it wrote: "If Doe elects to continue with [this] suit, his true name must be disclosed to the public . . . . If Doe elects not to reveal his name, **the complaint must be dismissed**." (Dkt. No. 172 at 11 (emphasis added).) The Seventh Circuit then issued its Mandate on May 20, 2024. *Id.* at 12.

Plaintiff could have sought a stay from the Seventh Circuit under Fed. R. App. P. 41(d)(2) while he pursued his writ for certiorari. But he didn't.

1

Alternatively, Plaintiff could have sought a stay from a Justice of the Supreme Court of the United States under 28 U.S.C. § 2101(f). But again, he didn't.

Instead, Plaintiff hopes that this Court will do nothing – i.e., will effectively "stay" this case – while he pursues additional appellate relief. But as set forth in Defendants' opening motion, this Court must follow both the spirit and the letter of the Mandate; it does not have the authority to do otherwise. (Dkt. No. 176 at 2) (citing *In re A.G. Moore & Assoc.*, 974 F.3d 836, 839 (7th Cir. 2020) (relief from the Court's mandates must be issued by the Seventh Circuit and not sought in the district court) and *In re Cont'l Ill. Sec. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993)(district court must follow the spirit and letter of the mandate).)

Rather than attempting to justify his request that this Court sit idle, Plaintiff quibbles over whether Defendants cited the correct rule of civil procedure in their opening motion when they referred to Fed. R. Civ. P. 41(b). Specifically, Plaintiff argues that he is not in violation of a court order. (Dkt. No. 182 at 5-6.) But he is in violation. The Seventh Circuit has issued its Mandate – i.e., an order – stating that "[i]f Doe elects not to reveal his name, the complaint must be dismissed." (Dkt. No. 172 at 11.) Doe has done neither. He is in violation of the Seventh's Circuit's order, and dismissal would therefore be appropriate under Fed. R. Civ. P. 41(b).

In any event, Defendants' opening motion does not yet seek dismissal. Instead, Defendants ask only that this Court enter an order requiring Plaintiff to comply with the

2

Seventh Circuit's Mandate by a certain date. And there can be no dispute that this Court has both the power and the obligation to enter the requested relief: "When an appellate court issues a clear and precise mandate . . . the district court is obligated to follow the instruction." *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1516 (11th Cir. 1987).

Lastly, Plaintiff argues that there is something unfair about expecting him to comply with the mandate while his certiorari petition remains pending. But Plaintiff had tools to prevent any such unfairness – he could have sought *en banc* review by the full Seventh Circuit; he could have sought a stay from the Seventh Circuit; and/or he could have sought a stay from a Justice of the Supreme Court. For whatever reason, Plaintiff chose not to avail himself of any of these tools. And there is nothing unfair about expecting Plaintiff to live with the consequences of that decision. To the contrary, it would be unfair to Defendants to permit Plaintiff to effectively obtain a stay to which he is not entitled by continuing to let this case sit.

Because the Plaintiff has not requested a stay from either the Seventh Circuit or the Supreme Court, this Court must proceed in accordance with the Seventh Circuit's instructions. Defendants respectfully request that this Court set a date for Plaintiff to comply with the mandate and either reveal his identity or dismiss the Complaint.

        Respectfully submitted,

        /s/ Finis Tatum IV
        Finis Tatum IV
        Wayne C. Turner
        Scott E. Murray
        Janet Lynn Thompson
        HOOVER HULL TURNER LLP
        111 Monument Circle, Suite 4400
        Indianapolis, IN 46244-0989
        Telephone: (317) 822-4400
        Facsimile: (317) 822-0234

        ftatum@hooverhullturner.com
        wturner@hooverhullturner.com
        smurray@hooverhullturner.com
        jthompson@hooverhullturner.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's Electronic Notification system, on August 7, 2024.

        /s/ Finis Tatum IV
        Finis Tatum IV