UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02006-JRS-MJD |
| | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) |
| INDIANA UNIVERSITY SCHOOL OF MEDICINE, | ) |
| INDIANA UNIVERSITY KELLEY SCHOOL OF BUSINESS, | ) |
| GREGORY KUESTER in his official and individual capacity, | ) |
| BRADLEY ALLEN in his official and individual capacity, | ) |
| JAY HESS in his official and individual capacity, | ) |
| INDIANA UNIVERSITY PURDUE UNIVERSITY INDIANAPOLIS, INDIANA, | ) |
| | ) |
| Defendants. | ) |

**Order on Motion for Order Requiring Plaintiff to Comply with Seventh Circuit's April 26, 2024, Mandate**

I.  Introduction

This case is before the Court on remand from the Seventh Circuit. The Defendants have filed a motion seeking that this Court order John Doe to timely comply with the mandate handed down by the Court of Appeals. (ECF No. 177.) Because it is the duty of this Court to comport with the "the spirit as well as the letter" of a reviewing court's mandate, the Court **grants** Defendants' motion. *Matter of Cont'l Ill. Sec. Litig.,* 985 F.2d 867, 869 (7th Cir. 1993).

## II.     Legal Standard

"'The mandate rule requires a lower court to adhere to the commands of a higher court on remand.'" *United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014) (quoting *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995)). "Under the mandate rule, 'when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court.' Said another way, the court must follow 'the spirit as well as the letter of the mandate.'" *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 839–40 (7th Cir. 2020) (first quoting *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000); and then quoting *Cont'l Ill.*, 985 F.2d at 869).

"'The law of the case doctrine is a corollary to the mandate rule and prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances.'" *Adams,* 746 F.3d at 744 (quoting *Polland*, 56 F.3d at 779).

In the certiorari context, it is beyond a district court's authority to issue a stay of a circuit court's mandate. *See* 28 U.S.C. § 2101(f) ("In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted *by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court*.") (emphasis added). Courts that have come upon this issue have interpreted the statute to mean the same. *See*

2

*In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012); *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982); *United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005); *see also Whitehead v. Frawner*, No. CV 17-275 MV/KK, 2019 WL 4016334, at *1 (D.N.M. Aug. 26, 2019) ("Virtually every court to have considered this question has reached the same conclusion."). A motion asking a district court "to weigh the likelihood that it might be later vindicated" by a reversal of the circuit court's decision is "only a step removed from a court declaring that it was right all along and entering the judgment just reversed—the most obvious violation of the mandate rule." *In re A.F. Moore & Assocs., Inc.*, 974 F.3d at 841.

### III. Discussion

On appeal, the Seventh Circuit found for Doe, holding that Jay Hess violated Doe's due process rights when he unexpectedly expelled Doe from medical school without affording opportunity for comment. (Mandate 5, ECF No. 172.) At the same time, the Seventh Circuit took issue with the fact that Doe was proceeding pseudonymously and offered Doe a choice: proceed to victory using his legal name, or voluntarily dismiss the case. *Id.* at 10. So far, Doe has done neither. Now, Doe requests that the Court effectively stay proceedings until his petition for certiorari to the Supreme Court is either granted or denied. (Pl.'s Opp'n to Defs.' Am. Mot. for Order Requiring Pl. to Comply with the Seventh Circuit's April 26, 2024, Mandate 10, ECF No. 182.)

As discussed, the Court is bound by 28 U.S.C. § 2101(f) on this issue and is not empowered to grant a stay of the Seventh Circuit's mandate while the Supreme Court considers whether to take up Doe's cert. petition. Doe had ample opportunity to file

3

a motion with the Seventh Circuit requesting a stay, or to try his hand at convincing the Supreme Court to grant one. Fed. R. App. P. 41(d); Rules of the Supreme Court of the United States 23(2). The fact that Doe attempted neither is puzzling but does not alter the limits of the Court's authority. Following the letter and spirit of the Seventh Circuit's mandate, the Court now orders Doe to proceed under his legal name, or otherwise move to dismiss his case.

Given that Doe is faced with a binary choice, the Court must consider how best to proceed if Doe is not willing to unmask himself. Defendants request a dismissal under Federal Rule of Civil Procedure 41(b) on the grounds that Doe has failed to comply with the Seventh Circuit's mandate. (Defs' Am. Mot. for Order Requiring Pl. to Comply with Seventh Circuit's April 26, 2024, Mandate 1-2, ECF No. 177.) Rule 41(b) allows the Court to enter an *involuntary* dismissal with prejudice as a sanction for plaintiff's "failure to prosecute or to comply with … a court order." Fed. R. Civ. P. 41(b)). But Defendants do not cite to any case law in support of their contention that an appellate mandate constitutes a "court order" under 41(b). Courts in this circuit have dismissed cases under 41(b) for failure to comply with a court's discovery order, scheduling order, order to appear for a deposition, and other trial court orders of a similar nature. *See generally Tennant v. Heckel*, 151 F.R.D. 100, 101 (E.D. Wis. 1993); *Bolanowski v. GMRI, Inc.*, 178 F. App'x 579, 581-2 (7th Cir. 2006); Ladien v. Astrachan, 128 F.3d 1051, 1055 (7th Cir. 1997); *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston*, 852 F.2d 280, 285 (7th Cir. 1988). Based on precedent, it seems that involuntary dismissals for failure to comply are generally reserved for

plaintiffs who shirk orders from the *trial court,* creating delays in the stream of litigation and wasting court resources. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191 (7th Cir. 2011) (finding that a case should only be dismissed under 41(b) when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing") (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). It is the Court's view that an involuntary dismissal under 41(b) is procedurally improper at this stage. However, if Doe fails to comply with *this* Order, or otherwise contumaciously refuses to walk away from the case, he may well open the door to sanctions under 41(b).

If Doe wishes to maintain his anonymity, the Seventh Circuit has left for this Court "to decide, as Rule 41(a)(2) provides, whether the dismissal is with or without prejudice." (Mandate 10, ECF No. 172.) The Seventh Circuit has made clear that Doe is to request a *voluntary dismissal* under Rule 41(a)(2). If Doe decides to do so, the Court is inclined to dismiss his case with prejudice. "Some of the factors justifying denial [of motion for voluntary dismissal without prejudice] are the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Acknowledging that the Seventh Circuit has found Doe's claim successful, this case has otherwise dragged on for four years and has cost the Defendants and the public significant expense. Since the initiation of this case, the public has been denied its right to know

5

who is using the courts, and for what purpose, without sufficient justification. Moreover, while Doe complains of facing a "Hobson's choice," (Pl.'s Opp'n to Defs.' Am. Mot. 8, ECF No. 182), this scenario is partly of his own making—Doe did not properly move for a stay of the mandate from the appellate court, and now finds himself asking this Court for favors it cannot grant.

Finally, regardless of the posture of Doe's case upon dismissal, because he was expelled from medical school in 2020, Indiana's two-year statute of limitations will bar Doe from refiling his 42 U.S.C. § 1983 claim against Hess. *See Behav. Inst. of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).

## IV.  Conclusion

Defendant's Amended Motion, (ECF No. 177), is **granted.**  Doe is **ordered** to comply with the Seventh Circuit's mandate and disclose his true name within **14 days** of this Order.  If Doe fails to disclose his name by the deadline, this case will be dismissed with prejudice.  Defendant's original Motion, (ECF No. 176), is **denied as moot.**

**SO ORDERED.**

Date: 10/29/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Stuart Bernstein
NESENOFF & MILTENBERG, LLP
sbernstein@nmllplaw.com

Philip Arwood Byler
Law Offices of Philip A. Byler
pbyler1976@gmail.com

Tara J. Davis
NESENOFF & MILTENBERG, LLP
tdavis@nmllplaw.com

Regina M. Federico
NESENOFF & MILTENBERG, LLP
rfederico@nmllplaw.com

William R Levi
Sidley Austin LLP
william.levi@sidley.com

Michael T. McNally
DELK MCNALLY
mcnally@delkmcnally.com

Jan P. Mensz
HOOVER HULL TURNER LLP
jmensz@hooverhullturner.com

Andrew T. Miltenberg
NESENOFF & MILTENBERG, LLP
amiltenberg@nmllplaw.com

Alice McKenzie Morical
Faegre Drinker Biddle & Reath LLP
alice.morical@faegredrinker.com

Scott E. Murray
Hoover Hull Turner LLP
smurray@hooverhullturner.com

Finis Tatum, IV
Hoover Hull Turner LLP

7

ftatum@hooverhullturner.com

Janet Lynn Thompson
TATUM LAW GROUP
jthompson@hooverhullturner.com

Wayne C. Turner
HOOVER HULL TURNER LLP
wturner@hooverhullturner.com