

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

+1 202 736 8756
WILLIAM.LEVI@SIDLEY.COM

February 6, 2025

**Via ECF**

Hon. James R. Sweeney II
Birch Bayh Federal Building & U.S. Courthouse
46 East Ohio Street, Room 304
Indianapolis, IN 46204

   Re: *Philip Martoccia v. The Trustees of Indiana University, et al.*, No. 1:20-cv-02006-JRS-MJD

Dear Judge Sweeney:

   Pursuant to this Court's order and Local Rule 16-2, Plaintiff files this statement of position "as to what action(s) the Court should take in this case following remand." (Dkt. 190; *see* S.D. Ind. Local R. 16-2).

   As this Court explained in its recent order, "[o]n appeal, the Seventh Circuit found for Doe, holding that Jay Hess violated [Martoccia]'s due process rights when he unexpectedly expelled [Martoccia] from medical school without affording opportunity to comment." Dkt. 184 at 3. In so holding, the Seventh Circuit vacated this Court's opinion granting summary judgment to Defendants. (Dkt. 172 at 10–11.) As this Court noted, on remand, the Seventh Circuit "offered [Martoccia] a choice: proceed to victory using his legal name, or voluntarily dismiss the case." (Dkt. 184 at 3.) Plaintiff chose to disclose his true name and proceed to victory, (Dkt. 186 at 1), and the case caption—at the direction of this Court (Dkt. 190)—has now been amended to show Plaintiff's real name, Philip Martoccia.

   In its summary judgment opinion, this Court explained that the "due process claims remaining for consideration in this summary judgment ruling are (1) the due process claims for prospective injunctive relief against Dean Hess and Associate Dean Allen in their official capacities, and (2) the due process claims for damages against Dean Hess, Associate Dean Allen, and Kuester in their individual capacities." (Dkt. 154 at 2–3.) Though the Court granted summary judgment on those claims to Defendants, that opinion has now been vacated. (Dkt. 172 at 10–11.)

   Accordingly, this action should now proceed consistent with the relief sought in the amended complaint, (Dkt. 8 at 72–83), including "a trial by jury o[n] all triable issues," (*id.* at

# SIDLEY

Page 2

83; *see Curry v. Revolution Lab'ys, LLC*, 124 F.4th 441, 451 (7th Cir. 2024) ("The Seventh Amendment preserves the right of trial by jury."). Because liability has been determined, the Court should enter a finding of liability on Mr. Martoccia's due process claims and proceed to trial on damages. Plaintiff's requests for injunctive relief, meanwhile, should be heard by the Court. *See Liebhart v. SPX Corp.,* 998 F.3d 772, 779 (7th Cir. 2021) ("The ultimate decision whether to issue such an injunction lies within the discretion of the district court").

On his "due process claims for damages against Dean Hess, Associate Dean Allen, and Kuester in their individual capacities," Plaintiff sought "ongoing economic and non-economic damages and significant reputational damage," including—among other things—"emotional distress, loss of education opportunities, loss of career opportunities, economic injuries, and other direct and consequential damages," along with "punitive damages." (Dkt. 8 at 82.)[1] Those claims should now proceed to a jury. Notably, Defendants' retained expert, Ms. Carrie L. Distler, calculated Mr. Martoccia's "economic losses from a delay in completing medical school and becoming a general practitioner or anesthesiologist" as ranging from "$174,149 to $427,528." (Dkt. 151-1 at 8.) This "range of economic losses assume[d]," however, that Mr. Martoccia would be "reinstated to IUSM in 2022." (*Id.*) Because Mr. Martoccia could not be reinstated until, at the earliest, 2025, his economic losses will now be higher.

On his "due process claims for prospective injunctive relief against Dean Hess and Associate Dean Allen in their official capacities," Plaintiff sought "a judgment against Defendants awarding [Martoccia] an injunction vacating [his] disciplinary findings and decision, granting expungement of the disciplinary records at subject in this complaint from [Martoccia's] school record at the University, and immediate reinstatement to IUSM [Indiana University School of Medicine]." (Dkt. 8 at 83.)

Because "the Seventh Circuit has found Doe's claim successful," holding that his "due process rights" were violated when he was "expelled … from medical school," (Dkt. 184 at 3, 5), this Court should order Defendants to "expunge[] the disciplinary records … from [Martoccia's] school record at the University" related to this violation. This includes Dean Hess's statement accompanying the expulsion decision that, as the Seventh Circuit recognized, "would make any other medical school reluctant to admit [Martoccia] and any hospital reluctant to employ him if he ultimately received a degree." (Dkt. 172 at 5.)

So too, the Court should order Defendants to grant Martoccia "immediate reinstatement to IUSM." (Dkt. 8 at 83.) In her rebuttal expert report, Defendants' retained expert Ms. Distler rejected Martoccia's damages expert's "Non-Medical School scenario" as a "valid outcome for consideration of economic losses" on the basis that, "should the Court find in favor of the

---

[1] On October 29, 2021, Plaintiff filed a notice withdrawing his claim for damages related only to "mental anguish and psychological/emotional distress." (Dkt. 145.)

# SIDLEY

Page 3

Plaintiff for claims relating to his dismissal from medical school, Defendants **would reinstate** Mr. [Martoccia] to the medical school program to resume his studies." (Dkt. 151-1 at 7 (emphasis in original); *see* Dkt. 71-6, Aff. of Jay L. Hess at 12 ("[A]s the Dean of the School of Medicine, if the Court ordered IUSM to reinstate Doe at the conclusion of this case, IUSM could provide him at that time the opportunity to complete the requirements for a medical degree.").)

The amended complaint further requests any other "relief [this] Court deems just, equitable and proper, including attorneys' fees" on Mr. Martoccia's due process claims brought under 42 U.S.C. § 1983. (Dkt. 8 at 72, 83; Dkt. 154 at 2 ("[Plaintiff] alleges … a deprivation of procedural due process, cognizable under 42 U.S.C. § 1983.").) As this Court explained in its order, the Seventh Circuit "has found" Plaintiff's due process "claim successful," and remanded this case to afford Mr. Martoccia the option to "proceed to victory using his legal name." (Dkt. 184 at 3, 5.) Thus, under Section 1988, Mr. Martoccia will be the "prevailing party" in this action, and the court "in its discretion may allow … a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining that a party is the "prevailing party" if he "succeed[s] on any significant issue in the litigation, which achieves some of the benefit [he] sought in bringing [the] suit"); *see also Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014) (collecting cases and noting that "the judicial gloss on § 1988, and its legislative history, have constrained that discretion, in most cases converting the statute's 'may' into a 'must'"); *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989) ("[I]n [the] absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff.").

In sum, the Court should proceed consistent with the relief sought by Plaintiff in his amended complaint. The Court should issue a notice of final pretrial conference and set a jury trial date on Plaintiff's damages claims. (*See* Dkt. at 100.) While courts "typically submit the legal claims to a jury before the court decides the equitable claims," this "order of proceedings is not constitutionally mandated." *Lacy v. Cook Cnty., Ill.*, 897 F.3d 847, 858 (7th Cir. 2018). Here, given the passage of time since Defendants violated Plaintiff's due process rights by expelling him from IUSM and the ability of injunctive relief here to simplify the damages issues at trial, the Court should rule immediately on Plaintiff's claims for injunctive relief. In the alternative, the Court should rule on Plaintiff's equitable claims following his jury trial. *New West, L.P. v. City of Joliet*, 891 F.3d 271, 273 (7th Cir. 2018) (noting that, in the mine run of cases, "that order is most respectful of constitutional interests").

Respectfully submitted,

/s/ William R. Levi

William R. Levi